IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM LEE CRANSTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-04-1591-L |
| | ) | |
| T.C. PETERSON, Warden, | ) | |
| Federal Correctional Institution, | ) | |
| El Reno, Oklahoma, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION ON
THE MERITS OF THE HABEAS PETITION**

Petitioner William Cranston is serving a federal sentence.  The Bureau of Prisons

("BOP") awards the Petitioner good time credits for each year of the sentence that he serves.

Mr. Cranston challenges the BOP's computation of credits, seeking a writ of habeas corpus.

The Court should deny the petition on the merits.[1]

I.      THE CALCULATION OF GOOD TIME CREDITS

The underlying federal statute provides in relevant part:

[A] prisoner who is serving a term of imprisonment of more than 1 year other
than a term of imprisonment for the duration of the prisoner's life, may receive
credit toward the service of the prisoner's sentence, beyond the time served,
of up to 54 days at the end of each year of the prisoner's term of imprisonment,
beginning at the end of the first year of the term, subject to determination by
the [BOP] that, during that year, the prisoner has displayed exemplary

---

[1]      The Respondent addresses the merits of Mr. Cranston's petition, but also argues
nonexhaustion of available administrative remedies.  Respondent's Response to Habeas Petition at
pp. 10-11 (Jan. 19, 2005).  The Court need not address the Respondent's alternative argument
involving exhaustion of administrative remedies.

compliance with institutional disciplinary regulations. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1) (2000) (footnote omitted).  The Petitioner and the BOP disagree in their interpretation of the statutory phrase, "term of imprisonment."  Mr. Cranston believes that this phrase refers to the sentence that had been imposed,[2] and the BOP interprets the statutory language to relate to the actual time served.[3]  The Court need not decide which interpretation is correct.  Because the underlying statute can reasonably be read either way, the dispositive question is whether the BOP's interpretation is reasonable.  It is, and the Court should accordingly deny habeas relief.

A.    Ambiguity in the Statute and Deference to the BOP's Interpretation

The threshold question is whether the statute is ambiguous with respect to the phrase, "term of imprisonment."  The Court should answer in the affirmative.

When reviewing an agency's administration of a statute, the Court asks "whether Congress has directly spoken to the precise question at issue."  *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842 (1984).[4]  When "the statute is

---

[2]    *E.g.*, Application for Writ of Habeas Corpus, Temporary Restraining Order and Preliminary and Permanent Injunction Against the Wrongful Calculation of Petitioner's Good Conduct Time; Declaration and Affidavit of Petitioner at pp. 2-3 (Nov. 22, 2004); *see infra* p. 3.

[3]    28 C.F.R. § 523.20 (2004); Bureau of Prisons, Program Statement 5880.28(g) (Feb. 21, 1992).

[4]    Mr. Cranston argues that *Chevron* applies only to "administrative" statutes and not to those that are "penal".  Brief in Support of Application for Writ of Habeas Corpus, Temporary Restraining Order and Preliminary and Permanent Injunction Against the Wrongful Calculation of Petitioner's Good Conduct Time Credit; Declarations and Affidavit of Petitioner at pp. 19-20 (Nov. 22, 2004)

silent or ambiguous with respect to the specific issue . . .," the Court must decide "whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843.  If the statute is ambiguous and the agency's interpretation is reasonable, the Court gives deference to the agency's interpretation.  *See id.* at 844.

The Petitioner argues that the statutory phrase, "term of imprisonment," is unambiguous.  Petitioner's Opening Brief at pp. 8-22.  According to Mr. Cranston, the statute directs an award of credit for each year of the sentence rather than for each year that is served.  *Id.*  The argument is based in part on the legislative history and statutory terminology.  Petitioner's Opening Brief at pp. 7-14, 16, 21-22; Petitioner's Reply at pp. 7-10.  But the legislative history and statutory terms do not clearly answer whether the phrase, "term of imprisonment," refers to the sentence imposed or the time served.

---

("Petitioner's Opening Brief"); Petitioner's Response to Respondent's Response to Habeas Petition at p. 13 (Feb. 3, 2005) ("Petitioner's Reply").  Because the Petitioner would categorize 18 U.S.C. § 3624 as a "penal" statute, Mr. Cranston claims that "*Chevron* 'deference'" is unwarranted here. *Id.*  The Petitioner's reading of *Chevron* is too narrow.

According to the Petitioner, the Supreme Court has declined to apply *Chevron* whenever an agency interprets a statute "within Title 18 of the USC."  Petitioner's Response to Respondent's Response to Petitioner's Motion to Require Respondent to File Identified Exhibits; Additional Point in Support of Petitioner's Habeas Petition at pp. 1-2 (Feb. 28, 2005).  This statement is not correct. For example, the Supreme Court has applied *Chevron* deference to the BOP's interpretation of an early release provision even though it appears in Title 18.  *Lopez v. Davis*, 531 U.S. 230, 240-41 (2001).  The Court should defer to the BOP's interpretation of Section 3624(b), just as the Supreme Court had deferred to the BOP's reading of the early release provision in Title 18.  Section 3624(b) is not a criminal provision and is not beyond the BOP's interpretive expertise.  *See Perez-Olivo v. Chavez*, 394 F.3d 45, 53 (1st Cir. 2005) ("the reasonableness of the BOP's calculation of reductions in a sentence for [good conduct time] . . . is not, strictly speaking, a 'criminal' statute, and thus we do not believe the rule of lenity would apply").

3

In part, Mr. Cranston relies on remarks by Senator Joseph Biden, a coauthor of the bill, in 1994 and 1996.[5]  Petitioner's Opening Brief at p. 12; Petitioner's Reply at pp. 9, 25. But the statute had been enacted in 1984,[6] and Senator Biden's remarks were ten and twelve years later.   In these circumstances, Senator Biden's remarks would not eliminate the ambiguity.[7]

Similarly, the ambiguity is not eliminated by references to the phrase, "term of imprisonment," in Title 18.   As Mr. Cranston points out, Section 3624 contains some

---

[5]      Mr. Cranston asserts that the meaning of the statutory phrase, "term of imprisonment," is expressed in the senate reports and committee statements.  Petitioner's Reply at p. 25.  According to Mr. Cranston, the Senate Judiciary Committee expressed an intent in Section 3624 "to add simplicity and predictability in sentence calculations."  Petitioner's Opening Brief at p. 21.  The committee did express a belief that its bill would simplify the provisions of Section 3624(b).  S. Rep. 98-225, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3330.  But the committee never discussed the formula for calculating credits or the meaning of the phrase "term of imprisonment."  *See id.*  Instead, the Senate Judiciary Committee explained that the bill would simplify the process because existing law had "a different rate of credit for good behavior for different lengths of prison terms" and permitted forfeiture or withholding of good time that had already been earned.  *Id.*, 1984 U.S.C.C.A.N. at 3329-30.

[6]      Public Law 98-473, 98 Stat. 1837 (Oct. 12, 1984).

[7]      *See Perez-Olivo v. Chavez*, 394 F.3d 45, 51 n.3 (1st Cir. 2005) (rejecting a similar argument regarding the meaning of 18 U.S.C. § 3624(b)(1) based on Senator Biden's comments in 1995); *Yi v. Brooks*, Case No. 3:03cv436, slip op. at 9-11 (E.D. Va. Mar. 23, 2004) (unpublished op.) (rejecting a habeas petitioner's similar argument involving Senator Biden's subsequent remarks), *notice of appeal filed* (E.D. Va. May 11, 2004); *see also Chickasaw Nation v. United States*, 534 U.S. 84, 92-93 (2001) (rejecting reliance on a letter by one of the authors of a statute to interpret its meaning because the legislator's remarks "cannot overcome the language of the statute" and other considerations); *United States v. Spectrum Emergency Care*, 190 F.3d 1156, 1161 n.6 (10th Cir. 1999) ("Given that 'contemporaneous remarks of a single legislator who sponsors a bill are not controlling in analyzing legislative history,' we cannot give Representative Berman's remarks, thirteen years after passage of the statute in issue, any weight." (citation omitted)).

references to the phrase, "term of imprisonment," which apparently refer to the sentence imposed rather than the time actually served. *E.g.*, 18 U.S.C. § 3624(b) (2000) ("a prisoner who is serving a term of imprisonment of more than 1 year"); *see* Petitioner's Opening Brief at pp. 8-11. Similarly, the Petitioner points out that elsewhere in Title 18, Congress uses the phrase, "term of imprisonment," to describe the sentence rather than the time served.[8]

But the present dispute is based on the statutory language authorizing credit "beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment . . . ." 18 U.S.C. § 3624(b)(1) (2000); *see supra* pp. 1-2. This provision creates a process in which credit is awarded at the end of each year based on a review of the prisoner's conduct during that year. As Mr. Cranston argues, his interpretation of the section would entitle him to 378 days of good conduct time. Petitioner's Opening Brief at p. 3. But even under his interpretation, Mr. Cranston could only earn the credit with good behavior, and his theory would entitle him to be released before the final year of his sentence has even begun. Release at that time would create an anomaly because the BOP could not assess Mr. Cranston's behavior during a term that he never served. Thus, Mr. Cranston's interpretation

---

[8]      18 U.S.C. §§ 3, 13(b)(2)(A), 373(a), 506(b), 844(h), 1033(a)(2), 1121(b)(1), 1503(a), 1547, 2244(c), 2247(a), 2326, 2332b(c)(2), 3143(a), (b)(1)-(2), (c)(1), (B)(ii), 3146(b)(2), 3156(a)(3), 3161(j)(1), 3551(b)(3), 3559(a)-(b), (c)(2)(F)(ii), 3582(a), (c), 3584(a), 3585, 3592(c)(2), (4), (10), (d)(2), 3594, 3614(b), 3621(a), 3624(a), (b)(1), (c), 4014(b), 4046(a), 4106A(b)(1)(C), 4245(e), 5032 (2000); 18 U.S.C.A. §§ 25(b), 844(h)(2), 921(a)(20)(B), 924(a)(4), (c)(1), (e)(2)(A), 929, 1368(a), 1512(j), 1513(c), 2247(a), 2426(a), 3142(e), 3742(a)(3), (b)(3) (2000 & 2004 supp.); 18 U.S.C. § 1028A(a)-(b) (eff. July 15, 2004) (available on Westlaw); 18 U.S.C. § 3600(f)(3) (eff. Oct. 30, 2004) (available on Westlaw); *see* Petitioner's Brief in Support at pp. 10-11.

of the phrase, "term of imprisonment," would render the statutory process impossible to administer for the final year of his sentence. *See id.*

The Seventh Circuit Court of Appeals addressed a similar issue in *White v. Scibana*, 390 F.3d 997 (7th Cir. 2004). There the court acknowledged that the phrase "term of imprisonment" sometimes referred to the "sentence imposed," but apparently did not do so in the statutory portion at issue. *White v. Scibana*, 390 F.3d at 1001. The court explained:

> The statute [18 U.S.C. § 3624(b)(1)] . . . establishes a process of awarding credit at the end of each year of imprisonment based on a review of the prisoner's behavior during that year, a process that would be undermined if "term of imprisonment" means "sentence imposed." This is because the accumulation of good-time credit reduces the amount of time a prisoner will ultimately spend in prison, sometimes (as in White's case), by more than an entire year. The [BOP] cannot evaluate a prisoner's behavior and award credit for good conduct if the prisoner is not still in prison.
>
> . . . .
>
> Thus, if "term of imprisonment" refers to the sentence imposed, it becomes impossible to award the credit based on an annual year-end assessment of the prisoner's behavior. And such retrospective annual assessment and award of credit appears to be at the core of what the good-time statute is all about.

*Id.* at 1001-1002 (footnote omitted). Thus, the court concluded that 18 U.S.C. § 3624(b)(1) is ambiguous and that the BOP's interpretation of Section 3624(b)(1) is reasonable and entitled to deference. *Id.* at 1002-1003.

The Ninth Circuit Court of Appeals reached the same conclusion in *Pacheco-Camacho v. Hood*, 272 F.3d 1266 (9th Cir. 2001). There the appellate court held that 18 U.S.C. § 3624(b)(1) requires an award of credits based on the time served rather than the sentence. *Pacheco-Camancho v. Hood*, 272 F.3d at 1272. Like the Seventh Circuit, the

Ninth Circuit concluded that the phrase "term of imprisonment" was ambiguous and that the

BOP's interpretation was reasonable, justifying deference. *Id.* at 1268-71.

The First Circuit Court of Appeals adopted the same view in *Perez-Olivo v. Chavez*,

394 F.3d 45 (1st Cir. 2005). There the court held that the BOP's interpretation was

reasonable and entitled to deference. *Perez-Olivo v. Chavez*, 394 F.3d at 51-53.

Many district courts have also examined the issue, holding that 18 U.S.C. § 3624(b)(1)

is ambiguous and that the BOP's interpretation is reasonable and entitled to deference under

*Chevron*.[9]

---

[9]    *Sash v. Zenk*, 344 F. Supp. 2d 376, 381-83 (E.D. N.Y. 2004); *Graves v. Bledsoe*, 334 F.
Supp. 2d 906, 907-908 (W.D. Va. 2004); *Gonzalez v. Ashcroft*, 2005 WL 309772, Westlaw op. at
1-3 (D. Or. Feb. 7, 2005) (unpublished op.); *Hidais v. Bureau of Prisons*, 2005 WL 236509,
Westlaw op. at 2 (S.D. N.Y. Feb. 1, 2005) (unpublished op.); *Whitfield v. Hollingsworth*, 2004 WL
3049763, Westlaw op. at 1-3 (D. Minn. Dec. 30, 2004) (unpublished op.); *Paul v. Lappin*, 2004 WL
2901526, Westlaw op. at 2 (D. Conn. Dec. 10, 2004) (unpublished op.); *Pollard v. Van Buren*, 2004
WL 2645548 (N.D. Tex. Nov. 18, 2004) (unpublished op.); *Pasciuti v. Drew*, 2004 WL 1247813,
Westlaw op. at 4-6 (N.D. N.Y. June 2, 2004) (unpublished op.); *Yi v. Brooks*, Case No. 3:03cv436,
slip op. at 9-11 (E.D. Va. Mar. 23, 2004) (unpublished op.) (alternative holding), *notice of appeal
filed* (E.D. Va. May 11, 2004).

        Some courts go even further, concluding that 18 U.S.C. § 3624(b)(1) unambiguously states
that good time credits are awarded based on the time served rather than the sentence imposed. *E.g.*,
*Williams v. Lamanna,* 20 Fed. Appx. 360, 361 (6th Cir. Sept. 19, 2001) (unpublished op.) ("The
statute clearly states that good conduct time is awarded on time served by the inmate, not on the time
that might potentially be served by the inmate."); *Yi v. Brooks*, Case No. 3:03cv436, slip op. at 9
(E.D. Va. Mar. 23, 2004) (unpublished op.) (holding that the plain language of 18 U.S.C. § 3624(b)
"supports the BOP's interpretation"), *notice of appeal filed* (E.D. Va. May 11, 2004); *Gerolamo v.
White*, Case No. 03-139(FLW), slip op. at 11 (D. N.J. May 20, 2003) (unpublished op.) ("This Court
is of the opinion that the language of [18 U.S.C. § 3624(b)(1)] is not ambiguous and that the BOP
regulation [18 U.S.C. § 523.20] and Program Statement [5880.28(g)] correctly interpret and
implement the statute."). Because of the perceived clarity of the statute, these courts have not
needed to decide whether the BOP's interpretation of Section 3624(b)(1) warrants deference. *See*,
*e.g.*, *Williams v. Lamanna,* 20 Fed. Appx. 360, 361 (6th Cir. Sept. 19, 2001) (unpublished op.).
Regardless of the reasoning employed, however, the courts have rejected Mr. Cranston's theory with
virtual unanimity. *See Wallace v. Bureau of Prisons*, 2004 WL 2849605, Westlaw op. at 1 (S.D.

Mr. Cranston relies on a contrary decision by the United States District Court for the District of Maryland, *Williams v. Dewalt*, 351 F. Supp. 2d 412 (D. Md. 2004). That court concluded that 18 U.S.C. § 3624(b) was not ambiguous and that "[g]ood time credits are to be awarded based on the sentence imposed, rather than the time actually served by the inmate." *Williams v. Dewalt*, 351 F. Supp. 2d at 420. But even this decision is subject to a stay,[10] and two other courts in the same circuit have upheld the BOP's computation method.[11]

The Western District of Oklahoma has adopted the prevailing view, rejecting habeas claims substantially similar to Mr. Cranston's.[12] This Court should continue to follow the weight of authority and its prior decisions, concluding that the statute is ambiguous and that the BOP's interpretation is reasonable. *See Germany v. Smith*, 2005 WL 428585, Westlaw

---

N.Y. Dec. 9, 2004) (unpublished op.) ("Numerous courts have considered petitioner's argument [challenging the BOP's computation of good time credits under 18 U.S.C. § 3624(b)(1)], and all have rejected it, most on the ground that although the statute is ambiguous, the [BOP] regulation is a permissible and reasonable interpretation of the good conduct statute." (citations omitted)).

[10]     *Williams v. Dewalt*, 351 F. Supp. 2d 412, 420 (D. Md. 2004).

[11]     *Graves v. Bledsoe*, 334 F. Supp. 2d 906, 907-908 (W.D. Va. 2004); *Yi v. Brooks*, Case No. 3:03cv436, slip op. at 9 (E.D. Va. Mar. 23, 2004) (unpublished op.), *notice of appeal filed* (E.D. Va. May 11, 2004).

[12]     Report and Recommendation at pp. 2-5, *Mackey v. Callahan*, Case No. CIV-04-1111-R (W.D. Okla. Dec. 30, 2004) (Bacharach, J.) (reasoning that 18 U.S.C. § 3624(b)(1) is ambiguous and that the BOP's interpretation is reasonable, justifying deference under *Chevron*), *adopted*, Order (W.D. Okla. Jan. 26, 2005) (Russell, J.); Report and Recommendation at pp. 2-5, *Adame v. Callahan*, Case No. CIV-04-1386-L (W.D. Okla. Dec. 23, 2004) (Bacharach, J.) (same), *adopted*, Order (W.D. Okla. Jan. 20, 2005) (Leonard, J.); Report and Recommendation at pp. 4-9, *Parker v. Peterson*, Case No. CIV-04-882-C (W.D. Okla. Sept. 20, 2004) (Argo, J.) (same), *adopted*, Order (W.D. Okla. Oct. 28, 2004) (Cauthron, C.J.); Report and Recommendation on the Merits of the Habeas Petition, *passim*, *Meza v. Callahan*, Case No. CIV-04-1656-F (W.D. Okla. Jan. 21, 2005) (Bacharach, J.) (same), *adopted*, Order (W.D. Okla. Feb. 24, 2005) (Friot, J.).

op. at 1 n.1 (M.D. Pa. Feb. 23, 2005) (unpublished op.) (rejecting *Williams v. DeWalt* as "unpersuasive" and "contrary to the overwhelming majority of cases").

      B.    <u>Rule of Lenity</u>

Mr. Cranston urges application of the "rule of lenity" if the Court were to regard the statute as ambiguous. Petitioner's Opening Brief at pp. 20-21; Petitioner's Reply at pp. 11-13. This rule is inapplicable here.

The rule requires interpretation of ambiguous statutes favorably to an accused "when all other techniques for statutory construction [would] leave the court in equipoise." *United States v. Ruiz-Gea*, 340 F.3d 1181, 1188 (10th Cir. 2003) (citations omitted). The doctrine is designed to ensure fair warning to an accused and ensure that criminality is defined by legislatures rather than the courts. *See United States v. Bass*, 404 U.S. 336, 348-49 (1971).

Many courts have considered the applicability of the rule of lenity to habeas claims involving the BOP's computation of good time credits under 18 U.S.C. § 3624(b)(1). Every court to address the issue has concluded that the rule of lenity is inapplicable.[13]

The Western District of Oklahoma adopted this view in *Parker v. Peterson*, Case No. CIV-04-882-C (W.D. Okla.) and *Mackey v. Callahan*, Case No. CIV-04-1111-R (W.D.

---

[13]    *See Perez-Olivo v. Chavez*, 394 F.3d 45, 53-54 (1st Cir. 2005) (alternative holding); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1271-72 (9th Cir. 2001); *Sash v. Zenk*, 344 F. Supp. 2d 376, 381-83 (E.D. N.Y. 2004); *Esposito v. Ashcroft*, 2005 WL 119872, Westlaw op. at 5 (N.D. W.Va. Jan. 14, 2005) (unpublished op.); *Young v. Ashcroft*, 2004 WL 2624724, Westlaw op. at 2 (D. Or. Nov. 16, 2004) (unpublished op.); *Pasciuti v. Drew*, 2004 WL 1247813, Westlaw op. at 6 (N.D. N.Y. June 2, 2004) (unpublished op.); *Gerolamo v. White*, Case No. 03-139(FLW), slip op. at 10-11 (D. N.J. May 20, 2003) (unpublished op.) (alternative holding).

Okla.).  In both cases, the Court concluded that the rule of lenity does not apply to a similar habeas claim involving the BOP's computation of credits.[14]

The Court should follow its earlier decisions and reject Mr. Cranston's theory based on the rule of lenity.  He had ample notice of the BOP's method of computing credits by virtue of the agency's promulgation of 28 C.F.R. § 523.20.  In these circumstances, the rule of lenity does not apply.[15]

II.     NOTICE OF RIGHT TO OBJECT

The Petitioner can object to this report and recommendation.  *See* 28 U.S.C. § 636(b)(1) (2000).  To do so, Mr. Cranston must file an objection with the Clerk of this Court.  The deadline for objections is March 24, 2005.  *See* W.D. Okla. LCvR 72.1(a).  The failure to timely object would foreclose appellate review of the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

---

[14]     Report and Recommendation at p. 9, *Parker v. Peterson*, Case No. CIV-04-882-C (W.D. Okla. Sept. 20, 2004) (Argo, J.), *adopted*, Order (W.D. Okla. Oct. 28, 2004) (Cauthron, C.J.); Report and Recommendation at pp. 5-6, *Mackey v. Callahan*, Case No. CIV-04-1111-R (W.D. Okla. Dec. 30, 2004) (Bacharach, J.), *adopted*, Order (W.D. Okla. Jan. 26, 2005) (Russell, J.).

[15]     *See Babbitt v. Sweet Home Chapter of Communities for a Great Oregon*, 515 U.S. 687, 704 n.18 (1995) (rejecting an argument based on the rule of lenity because the regulation at issue provided adequate notice of potential liability); *United States v. Oxx*, 127 F.3d 1277, 1279 (10th Cir. 1997) (holding that the rule of lenity does not apply because the defendants "had adequate notice of the illegality of their conduct" by virtue of an unambiguous regulation).

III.    STATUS OF THE REFERRAL

The referral to the undersigned is not terminated.

Entered this 4th day of March, 2005.


Robert E. Bacharach
United States Magistrate Judge