IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM LEE CRANSTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-04-1591-L |
| | ) |
| T.C. PETERSON, Warden, | ) |
| Federal Correctional Institution, | ) |
| El Reno, Oklahoma, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION CONCERNING
APPLICATION FOR A TEMPORARY RESTRAINING
ORDER AND PRELIMINARY AND PERMANENT INJUNCTIONS**

Petitioner William Cranston filed a habeas petition challenging the calculation of good time credits by the Bureau of Prisons ("BOP"). In addition, Mr. Cranston has requested a temporary restraining order and preliminary and permanent injunctions prohibiting enforcement of the BOP's credit calculation policy.[1]

The undersigned has recommended denial of Mr. Cranston's habeas petition. Report and Recommendation on the Merits of the Habeas Petition (Mar. 4, 2005). The Court should also deny the request for a preliminary injunction and dismiss the applications for a temporary restraining order and permanent injunction.

---

[1] Application for Writ of Habeas Corpus, Temporary Restraining Order and Preliminary and Permanent Injunction Against the Wrongful Calculation of Petitioner's Good Conduct Time; Declaration and Affidavit of Petitioner at pp. 2-3 (Nov. 22, 2004) ("Petition").

I. THE PETITIONER'S REQUEST FOR A TEMPORARY RESTRAINING ORDER

Federal Rule of Civil Procedure 65(b) provides that a temporary restraining order may be granted without notice to the opposing party when "it clearly appears . . . that immediate and irreparable injury, loss, or damage will result to the applicant." Fed. R. Civ. P. 65(b).

Mr. Cranston notified the Respondent of the request,[2] and Mr. Peterson responded.[3] Once the Respondent obtained notice and an opportunity to respond, the request for a temporary restraining order became moot. As a result, the Court should treat the request for a temporary restraining order as superseded by the application for a preliminary injunction.[4]

II. THE PETITIONER'S REQUEST FOR A PRELIMINARY INJUNCTION

The Court should deny the request for a preliminary injunction.

To obtain a preliminary injunction, a party must establish: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Federal*

---

[2] Petition at pp. 1, 3.

[3] Respondent's Response to Habeas Petition (Jan. 19, 2005).

[4] *See TLX Acquisition Corp. v. Telex Corp.*, 679 F. Supp. 1022, 1028 (W.D. Okla. 1987) ("Because Defendants received notice and Plaintiffs' application for a temporary restraining order is before the Court following an evidentiary hearing . . ., in which hearing all parties participated, the Court will treat Plaintiffs' application for a temporary restraining order as a motion for a preliminary injunction, that is, subject to those standards that must be met for issuance of a preliminary injunction."); *see also Sampson v. Murray*, 415 U.S. 61, 86 (1974) (agreeing with the circuit court, which "held that a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions" (citation omitted)).

*Lands Legal Consortium v. United States*, 195 F.3d 1190, 1194 (10th Cir. 1999). "As a preliminary injunction is an extraordinary remedy, . . . the right to relief must be clear and unequivocal." *SCFC ILC, Inc. v. VISA USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991) (citations omitted). Mr. Cranston cannot satisfy at least some of these elements.

For example, entry of a preliminary injunction would be contrary to the public interest by creating conflicting guidance to the BOP in the calculation of good time credits.[5] *See Turner v. Safley*, 482 U.S. 78, 84-85 (1987).[6]

And Mr. Cranston cannot show a substantial likelihood that he will prevail on the merits, as the undersigned has already concluded that Mr. Cranston is not entitled to habeas relief. *See supra* p. 1.

Finally, the Petitioner cannot show irreparable injury without a preliminary injunction. Even under Mr. Cranston's calculation, the release date would be over three years away.[7]

---

[5]   As discussed in the contemporaneous report, this Court has previously upheld the method of computing credits that is at issue here. Report and Recommendation on the Merits of the Habeas Petition at pp. 8-10 & notes 12, 14 (Mar. 4, 2005) (citing cases).

[6]   In *Turner v. Safley*, the Supreme Court stated:

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

482 U.S. at 84-85.

[7]   *See* Brief in Support of Application for Writ of Habeas Corpus, Temporary Restraining Order and Preliminary and Permanent Injunction Against the Wrongful Calculation of Petitioner's Good Conduct Time Credit; Declarations and Affidavit of Petitioner at p. 3 (Nov. 22, 2004).

A preliminary injunction would be unnecessary to protect the Petitioner's rights if he were to prevail.

Mr. Cranston has failed to justify a preliminary injunction, and the Court should deny this request.

## III.   THE PETITIONER'S REQUEST FOR A PERMANENT INJUNCTION

The Court should also dismiss the Petitioner's request for a permanent injunction. As discussed above, the undersigned has recommended denial of habeas relief. *See supra* p. 1. And "where a court has only habeas jurisdiction[8] and determines that no writ shall issue, no separate basis exists for the issuance of injunctive relief."[9]

## IV.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should dismiss the Petitioner's request for a temporary restraining order and a permanent injunction. Mr. Cranston's application for a preliminary injunction should be denied.

The Petitioner can object to this report and recommendation. To do so, Mr. Cranston must file an objection with the Clerk of this Court. The deadline for objections is March 24, 2005. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object would foreclose appellate review of the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir.

---

[8]   Mr. Cranston has emphasized that he "is *not* filing for action under 42 USC § 1983." Petitioner's Response to Respondent's Response to Habeas Petition at pp. 18-19 (Feb. 3, 2005) (emphasis in original).

[9]   *Jeanty v. Bulger*, 204 F. Supp. 2d 1366, 1374 n.10 (S.D. Fla. 2002), *aff'd*, 321 F.3d 1336 (11th Cir. 2003) (*per curiam*).

1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

V.     STATUS OF THE REFERRAL

The referral is terminated.

Entered this 4th day of March, 2005.

_____
Robert E. Bacharach
United States Magistrate Judge